# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMESIO LAMAS REYNAGA,<br>Petitioner,<br>v.<br>GOLDEN STATE ANNEX,<br>Respondent. | Case No. 1:26-cv-06791-JLT-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO INFORM COURT REGARDING PETITIONER'S CURRENT CUSTODY STATUS<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A review of the Executive Office of Immigration Review's ("EOIR") Automated Case Information System indicates that Petitioner's immigration case is pending but no future hearings are set. See EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 25, 2026). A search of the U.S. Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produces zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Nov. 25, 2026). The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which

"means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Based on ICE's Online Detainee Locator System, it appears that Petitioner is no longer in ICE custody, which could moot his pending habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Additionally, in the response, Respondent asserts that "Petitioner is likely subject to mandatory detention under U.S.C. § 1226(c)(1)(A) due to his diversionary sentence for sell/give/transport/etc Marijuana in violation of Health and Safety Code 11360(A)." (ECF No. 7 at 1.) "The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision" and "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026) (internal quotation marks and citation omitted). See also In re Kotliar, 24 I&N Dec. 124, 127 (BIA 2007) ("[W]here the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.").

The Court finds that supplemental briefing addressing the issues set forth above, whether this matter is distinguishable from S.G., and whether Respondent has complied with Kotliar would assist the Court.

Accordingly, the Court HEREBY ORDERS that:

1. Within **seven (7) days** of the date of service of this order, Respondent SHALL inform the Court of Petitioner's current custody status and file any supporting documentation.

2. Within **fourteen (14) days** of the date of service of this order, Respondent SHALL FILE a supplemental brief addressing the issues set forth above and any documents necessary for the resolution of the issues;[1] and
3. Within **fourteen (14) days** of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **November 25, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[1] If Petitioner is no longer in immigration custody, Respondent need not file the supplemental brief.